UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANA MARIA OROSCO DIAZ,

            Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

            Respondents.

No. 1:26-cv-03454-DJC-SCR

RELEASE ORDER

Before the Court is a Petition for a Writ of Habeas Corpus (ECF No. 1), in which Petitioner seeks release from the custody of Immigration and Customs Enforcement ("ICE").  For the reasons stated below, the Petition is granted.

**BACKGROUND**

Petitioner is a noncitizen who entered the United States in July 2023 and was detained by U.S. Customs and Border Patrol shortly thereafter.  (Pet. (ECF No. 1) ¶¶ 3–4.)  Petitioner was then released on her own recognizance.  (*Id.* ¶¶ 6–7.)

In October 2025, Petitioner was cited in Utah for an incident at a local retailer.  (*Id.* ¶ 10.)  Petitioner pled guilty to a violation of the offense of unauthorized possession of property in connection with this incident.  (ECF No. 11 at 5.)  When Petitioner "reported to the Utah County Jail for the administrative book-and-release process," ICE officers detained her.  (Pet. ¶ 65.)

1

Petitioner then filed the Petition for a Writ of Habeas Corpus before the Court. (ECF No. 1.)  Briefing on this matter is now complete.  (Pet. (ECF No. 1); Opp'n (ECF No. 10); Reply (ECF No. 11).)  The Court ordered this matter submitted without oral argument.  (*See* ECF No. 5.)

**DISCUSSION**

Respondents assert Petitioner is detained pursuant to 8 U.S.C. § 1226(c), which mandates the detention of an individual who is "charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person."  8 U.S.C. § 1226(c)(1)(E)(ii).  According to Respondents, Petitioner's Utah offense of "unauthorized possession of property" constitutes "larceny," and Respondents are thus statutorily required to detain her.  (Opp'n at 3.)

In ascertaining whether the state offense Petitioner pled guilty to qualifies as "larceny," the Court finds the approach used to determine if a crime triggers mandatory detention under other provisions of section 1226(c) instructive.  In general, when assessing whether a criminal offense matches a crime identified in the Immigration and Nationality Act, courts often apply the categorical approach.  "Under this approach [courts] look not to the facts of the particular prior case, but instead to whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding" offense.  *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013) (quotation omitted).  Courts have utilized this approach specifically to assess whether a crime qualifies as one of "moral turpitude," as required to trigger mandatory detention under a different subsection of section 1226(c).  *See, e.g.*, *Vasquez Cruz v. Barr*, No. 19-cv-05251-LHK, 2019 WL 6327576, at *4 (N.D. Cal. Nov. 26, 2019) (using categorical approach to determine if a noncitizen was properly detained pursuant to 8 U.S.C. § 1226(c)(1)(A), which requires detention of a noncitizen who "is inadmissible by reason of having committed any offense covered in section

2

1182(a)(2)" of the Immigration and Nationality Act, which covers crimes "involving moral turpitude").

However, the subsection at issue here, section 1226(c)(2), explicitly directs courts to give the listed offenses the meanings they have "in the jurisdiction in which the act occurred."  8 U.S.C. § 1226(c)(2).  Therefore, the Court cannot look to the generic federal definition of the listed offenses as Petitioner suggests.  (*See* Pet. ¶¶ 149–50.)  Rather, the Court applies the categorical approach but must look, not to the generic federal definition of the offense, but rather to how the qualifying offense is defined within the state.  *Cf. United States v. Garcia-Jimenez*, 807 F.3d 1079, 1084–86 (9th Cir. 2015) (looking to state law to ascertain if a state offense qualified as a "crime of violence" as required by federal sentencing guidelines).  Accordingly, the Court will assess whether the state statute defining the state offense categorically matches the state's definition of the section 1226(c)-qualifying offense.

Applying this approach, the Court must assess whether the statutory definition of "unauthorized possession of property" criminalizes the same or a broader range of conduct than does the offense of larceny under Utah law.  "Unauthorized possession of property"  occurs when an individual "obtains or exercises unauthorized control over another person's property, without the consent of the property's owner or legal custodian, and with the intent to temporarily appropriate, possess, or use the property or to temporarily deprive the property's owner or legal custodian of possession of the property."  Utah Code § 76-6-404.5(2).

The Court finds this crime does not match any definition of larceny under Utah law. *First*, the Utah legislature has eliminated the statutory crime of larceny.  "In 1973, the Utah Legislature enacted a consolidated theft statute, which subsumed offenses that had been known under prior Utah law as larceny, embezzlement, extortion, false pretenses, and receiving stolen property."  *State v. Casias*, 772 P.2d 975, 977 n.2 (Utah Ct. App. 1989) (internal quotation and citations omitted); *see also* Utah Code § 76-6-

403.  Accordingly, as Utah does not recognize a crime of "larceny," this Court cannot delineate what constitutes larceny under Utah law.

*Second*, even Utah's pre-1973 definitions of larceny would not match Petitioner's offense.  Petitioner's offense of unauthorized possession of property specifies a mens rea broader than that required for the historical offense of larceny.  Unauthorized possession of property occurs specifically when the individual acts "with the intent to temporarily appropriate, possess, or use the property or to temporarily deprive the property's owner or legal custodian of possession of the property."  Utah Code § 76-6-404.5(2).  In contrast, the offense of larceny historically required a narrower mens rea: the intent to steal.  Under Utah's prior criminal code, enacted in 1917, to convict an individual of larceny, the individual had to have taken "the property with a felonious intent, that is, with the intent to steal it."  *State v. Allen*, 189 P. 84, 87 (Utah 1920).  Similarly, prior to 1917, to convict an individual of larceny, it was "necessary to find that the intent to steal existed at the time of the taking."  *People v. Miller*, 11 P. 514, 514 (Utah 1886).  To "steal," is to take something "illegally with the intent to keep it unlawfully."  *Steal*, Black's Law Dictionary (12th ed. 2024).  Therefore, Utah's larceny offense historically required the intent to permanently deprive the property's owner of the property.  As the conduct criminalized by the state statute Petitioner pled guilty to is broader than that criminalized as larceny in Utah historically, Petitioner has not pled guilty to a qualifying offense under section 1226(c) and that section cannot justify Petitioner's detention.

The Government's argument to the contrary is unpersuasive.  In arguing this crime qualifies as larceny under Utah law, Respondents highlight that the phrase "obtains or exercises unauthorized control" appears in the statutory definition of unauthorized possession of property. (Opp'n at 2–3.)  Utah's criminal code defines this phrase to mean "conduct originally defined or known as common-law larceny by trespassory taking, larceny by conversion, larceny by bailee, or embezzlement."  Utah Code § 76-6-401(4).  However, although Respondents are correct that the

4

unauthorized possession of property criminalizes *conduct* originally defined as larceny, it is well established that neither offense occurs through conduct alone. Rather, each requires a particular mens rea and those do not match.  Accordingly, the Court concludes that Petitioner is not detained under the authority of section 1226(c).

For the reasons stated in this Court's prior cases, Petitioner's detention is instead governed by 8 U.S.C. § 1226(a).  *See Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CKD, 2025 WL 3124116 (E.D. Cal. Nov. 7, 2025).  Therefore, Petitioner is entitled to release.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1.  The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Counts 2, 5.[1]

2.  Respondents are ORDERED to immediately release Petitioner Ana Maria Orosco Diaz from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This Order

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

3.  The Clerk of the Court is directed to serve the California City Immigration Processing Center with a copy of this Order.

4.  The Clerk of the Court is further directed to close this case and enter judgment for Petitioner.

5.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **July 2, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC7 – OroscoDiaz26cv03454.merits

6